CASE 68—PETITION EQUITY—OCTOBER 1.

## Horsfall, &c., vs. Ford, &c.

APPEAL FROM CAMPBELL CIRCUIT COURT.

1. DEFECTIVE PROCEEDINGS TO SELL REAL ESTATE OF INFANTS AND MARRIED WOMEN.—In a proceeding by adult heirs, part of whom are married women, against infant co-heirs, for the partition of farms and town lots, with a prayer, if any portion could not be divided, that it be sold, and the proceeds divided—

The court, on report of commissioners that they had divided one tract, and that the other tract and the town lots could not be partitioned without great injury, *had no power to decree* a sale without further pleading, the appointment of some one to take care of the interests of the infants, and privy examination of the married women, or bonds executed by their husbands, according to the provisions of chapter 86 of the Revised Statutes.

2. The Revised Statutes and Civil Code provide for the necessary proceedings in all cases for the sale of real estate of minors and married women.

Horsfall, &c., vs. Ford, &c.

E. W. Hawkins,                                    For Appellants,

CITED—

*Civil Code*, secs. 543, 55.

18 *B. Mon.*, 391; *Barret vs. Churchill*.

J. R. Hallam,                                     For Appellees,

CITED—

*Civil Code*, sec. 543.

*Myers' Supplement*, 428.

CHIEF JUSTICE WILLIAMS DELIVERED THE OPINION OF THE COURT:

This was a proceeding by the adult heirs of Jno. W. C. Clutter, and their husbands, two of whom were married women, against Willie Clutter, a minor heir, under the age of fourteen years, of his deceased father, who was son and heir to said J. W. C. Clutter, to partition certain lands and farms in the country, and town lots in Newport, with a prayer, if any portion could not be divided, that such be sold, and the proceeds be so divided. No statutory guardian appears for said minor, nor was any one appointed to take care of his interest, as provided by section 543, Civil Code.

On reference to commissioners, one of the tracts of land was partitioned, and they reported that, as to the other tract and the town lots, no partition could be made without great injury; whereupon, without further pleadings or preparation, the court adjudged a sale, and appellant purchased one of the town lots at two thousand two hundred dollars, and on rule against him to pay therefor, he questioned the regularity of these proceedings and the validity of his title under the sale, which being adjudged against him, he seeks a reversal.

It is apparent from this statement that, as to the sales, said cause was not prosecuted according to chapter 86 of the Revised Statutes, nor section 543, Civil Code.

So far as a partition was sought, it was regular and valid, and, indeed, when this was obtained, so far as it could be, these proceedings had performed their legitimate functions, and were irrelevant and invalid as to sales.

Section 543, Civil Code, provides, that "where town or city lots, *or lands outside of a town or city, but having on it a building of more value than the land,* shall be held by, or in trust for, coparceners, joint tenants, or tenants in common, some of whom are infants, or of unsound mind," may, by proper suit, and "*upon its being proven that a division of such land would materially impair its value,*" order a sale and division of the proceeds.

"Before such sale is ordered, the court shall appoint some suitable person to take care of the interest of the infants, or persons of unsound mind; and the shares of such infants or persons of unsound mind shall not be paid by the purchaser, but remain a lien upon the land, bearing interest, until they become capable, in law, of receiving their respective shares, or until statutory guardians shall be appointed for the infants, or committees for the persons of unsound mind, or the infants shall become married; and such *guardians, committees, or husbands* give bond, as required in chapter 86 of the Revised Statutes."

So that, whether the sale be directed under proceedings conformable to chapter 86 of the Revised Statutes, or under the Code, it was intended to secure the interest of the minor owners against contingencies of loss.

Nor was it intended that the lands of married women should be converted into money which would vest in the husband, unless the same was secured to her by the bond required by chapter 86, Revised Statutes, un-

less she, being "over the age of twenty-one years, and upon privy examination before the judge, or a commissioner by him appointed, requests that no order be made for the investment of the proceeds." (*Sec.* 540, *Civil Code.*)

And by section 539, Civil Code, it is provided, that in all other cases the provisions of said chapter 86 "shall regulate the proceedings for the sale of the real property and slaves of infants, married women, and persons of unsound mind."

So that the Revised Statutes and Civil Code intended to provide for the necessary proceedings, in all cases, for the sale of the real estate of minors and married women. By this judgment the proceeds of the land and lots of these married women would vest, as matters of law, in their husbands, without their consent, on privy examinations, and, indeed, so far as appears from this record, without their knowledge of such proceedings; for they have neither signed nor sworn to the petition. Besides, no provision, as the law requires, has been made to protect the infant in the proceeds of his land.

These proceedings, as to the sale, not conforming either to the Revised Statutes or Civil Code, were invalid and the sale unauthorized, and no valid title could, by virtue thereof, be secured the purchaser; and as he in due time took exceptions, the sale bond should have been quashed, the sale set aside, and unless further proceedings conformable to law be instituted, a sale refused.

Wherefore, the judgment is reversed, with directions for further proceedings consistent herewith.